HORTON, Judge.
The sole contention urged by the appellant on this appeal is the propriety of the judgment which awarded to the corporate appellee the sum of $7,500.
The appellant brought suit on a $40,000 promissory note alleging that it was in default after one payment of $5,500 had been made by the appellees. He sought recovery of the sum of $34,500. This complaint was met by a general denial of its allegations and a counterclaim which alleged that the transaction was usurious and sought to cancel the indebtedness represented by the note and an award of damages pursuant to § 687.07, Fla.Stat., F.S.A. No motions or other objections were directed to the legal sufficiency of the counterclaim or the parties, but a reply was made to the counterclaim, denying the alleged usurious character of the transaction. The cause went to trial on the issues made by the complaint, the answer thereto, the counterclaim and the reply. The court in its final judgment found the transaction to be usurious, cancelled the note and awarded the corporate appellee, Bass Chrysler, a money judgment in the sum of $7,500. A motion for new trial was timely filed directed to the judgment, the principal ground of which was that the borrower had purposefully and deliberately contrived and induced the making of the usurious loan with the intention of avoiding payment by reason of the usury laws. After a denial of the motion for new trial, an appeal was taken to this court and four alleged errors were assigned as the basis for a reversal of the judgment.
On appeal, it is the appellant’s contention that where it appears that three parties jointly seek recovery of the penalty provided by § 687.07, supra, and the payments on the alleged usurious indebtedness were not made by the borrower but by an endorser of the obligation, the penalty could not be recovered solely by the borrower. This contention is allegedly raised by all four assignments of error.
We pretermit any discussion of the merits of this question because we are convinced from an examination of the record *6 that it is not properly raised. The original complaint in this action was brought against the corporate obligor and the two endorsers who were officers of the obligor. The complaint sought a judgment against all three, jointly and individually, for the alleged unpaid balance of the promissory note. The counterclaim was brought by all three ap-pellees and sought a joint recovery. No motions or objections were made to the counterclaim and as indicated above, only a reply to the counterclaim was made by the appellant. The motion for new trial after judgment failed to raise the point on appeal as do the four assignments of error lodged in this court. In short, the question now on appeal was first raised by the appellant in his brief lodged in this court. We conclude that the question now urged is not supported by appropriate assignments of error, nor was it preserved in the record on appeal, and consequently should not be considered by this court.
Accordingly, the judgment appealed is affirmed.